FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

FEB 10 2023

TAMMY H. DOWNS, CLERK
By:_____
DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

CHARLOTTE WOODELL, individually and
On behalf of all others similarly situated                          PLAINTIFF

v.                    Case No. 4:23-cv-110-LPR

HMSHOST CORPORATION                                                 DEFENDANT

## CLASS AND COLLECTIVE ACTION COMPLAINT

COMES NOW Charlotte Woodell individually and on behalf of all others similarly situated, by and through her attorneys Chris Burks of WH LAW, for her Class and Collective Action Complaint against HMSHost Corporation, she does hereby state and allege as follows:

### I. PRELIMINARY STATEMENTS

1.  This is a class action and a collective action brought by Plaintiff, Charlotte Woodell, individually and on behalf of all other hourly-paid tipped employees employed by Defendant in Arkansas at any time within a three-year period preceding the filing of this Complaint.

2.  Plaintiff brings this action under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA") and the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.* ("AMWA"), for declaratory judgment, monetary damages, liquidated damages, prejudgment interest, and costs, including reasonable attorneys' fees, as a result of Defendant's failure to pay Plaintiff and other hourly-paid employees lawful overtime compensation for hours worked in excess of forty (40) hours per week.

3.  Upon information and belief, for at least three (3) years prior to the filing of this Complaint, Defendant has willfully and intentionally committed violations of the FLSA and AMWA as described, *infra*.

This case assigned to District Judge Rudofsky
and to Magistrate Judge Ervin

## II. JURISDICTION AND VENUE

4. The United States District Court for the Eastern District of Arkansas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

5. Plaintiff's claims under the AMWA form part of the same case or controversy and arise out of the same facts as the FLSA claims alleged in this Complaint.

6. Therefore, this Court has supplemental jurisdiction over Plaintiff's AMWA claims pursuant to 28 U.S.C. § 1367(a).

7. The acts complained of herein were committed and had their principal effect within the Central Division of the Eastern District of Arkansas. Accordingly, venue is proper within this District pursuant to 28 U.S.C. § 1391.

8. Defendant does business in this District and a substantial part of the events alleged herein occurred in this District.

9. The witnesses to overtime wage violations alleged in this Complaint reside in this District.

10. On information and belief, the payroll records and other documents related to the payroll practices that Plaintiff challenge are located in this District.

## III. THE PARTIES

11. Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

12. Plaintiff is a resident and citizen of Pulaski County.

13. Plaintiff, Charlotte Woodell, was employed by Defendant as an hourly-paid tipped employee within the three years relevant to this lawsuit.

14. At all material times, Plaintiff has been entitled to the rights, protection, and benefits provided under the FLSA and AMWA.

15. Defendant HMSHost Corporation is a foreign for profit corporation, registered and licensed to do business in the State of Arkansas.

16. Defendant HMSHost Corporation's registered agent for service of process in Arkansas is Corporation Service Company, who can be served at 300 Spring Building, Suite 900, 300 S. Spring ST., Little Rock, AR 72201.

17. Defendant HMSHost Corporation is an "employer" within the meanings set forth in the FLSA and AMWA, and was, at all times relevant to the allegations in this Complaint, Plaintiff's employer, as well as the employer of the members of the class and collective.

18. Defendant HMSHost Corporation is a staffing provider for roadside and airport food service companies throughout the United States.

19. Defendant HMS Host Corporation provides staff for thousands of roadside and airport restaurants and eateries throughout the United States, including the Bill and Hillary Clinton National Airport in Little Rock, Arkansas, and has one corporate United States headquarters that centralizes all pay, time, and human resource policies so that they are the same across its facilities.

20. During the time period relevant to this case, Plaintiff was employed by Defendant as a bartender at a restaurant at the Clinton National Airport in Little Rock, Arkansas.

21. Defendant HMSHost Corporation has employees engaged in commerce and has employees handling or otherwise working on goods or materials that have been moved in or

produced for commerce by others, such as materials and food products used to prepare and serve drinks and food.

22. Defendant HMSHost Corporation's annual gross volume of sales made or business done is not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) for each of the three years preceding the filing of this complaint.

## IV. FACTUAL ALLEGATIONS

23. Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

24. During part of the three (3) years prior to the filing of this lawsuit, Plaintiff worked for Defendant as an hourly-paid employee.

25. Plaintiff and other hourly-paid tipped employees in Arkansas regularly worked in excess of forty (40) hours per week throughout their tenure with Defendant.

26. Plaintiff and other hourly-paid tipped employees were classified as hourly employees.

27. Plaintiff was employed by Defendant as an hourly, non-exempt tipped bartender at a restaurant at the Clinton National Airport beginning on or about October 31, 2018.

28. Defendant pays its bartenders and servers less than the statutory minimum wage.

29. Instead of paying the required minimum wage, Defendant takes advantage of the tip credit allowed by 29 U.S.C. §203(M) and Ark. Code Ann §11-4-212.

30. As a bartender, Plaintiff and those similarly situated performed both duties that generated tips, such as delivering food and drinks to customers ("tipped work"), and duties that did not generate tips, such as cleaning the bar and serving equipment ("non-tipped work").

31.     Defendant does not distinguish between time spent by Plaintiff and similarly situated employees on tipped work and time spent by Plaintiff and similarly situated employees on non-tipped work.

32.     Cleaning is a regular part of Plaintiff and similarly situated employees' jobs, both at the start and end of their shifts. During an eight-hour shift, Plaintiff spends two hours, or approximately twenty-five percent of her shift, performing non-tipped work, such as cleaning the bar and serving equipment.

33.     Defendant paid Plaintiff the same tip credit minimum wage for both tipped work and non-tipped work.

34.     Upon information and belief, Plaintiff believes similarly situated employees also received the same tip credit minimum wage regardless of whether they performed tipped work or non-tipped work.

35.     As a result of the policies put in place by Defendant, Plaintiff and those similarly situated were often required to perform non-tipped work for less than minimum wage.

36.     Plaintiff and all those similarly situated are entitled to wages and compensation based on the standard minimum wage for all hours spent on non-tipped work.

### V.     REPRESENTATIVE ACTION ALLEGATIONS

#### A.     FLSA § 216(b) Class

37.     Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

38.     Plaintiff brings this claim for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

39. Plaintiff brings her FLSA claims on behalf of all hourly-paid employees tipped employed by Defendant in Arkansas at any time within the applicable statute of limitations period, who were classified by Defendant as non-exempt, hourly employees and who are entitled to payment of the following types of damages:

A. Payment for all hours worked, including payment of a lawful minimum wage for all hours worked for Defendant in a workweek that were spent on non-tipped activities; and

B. Liquidated damages; and

C. Attorneys' fees and costs.

40. The relevant time period dates back three years from the date on which Plaintiff's Class and Collective Action Complaint was filed and continues forward through the date of judgment pursuant to 29 U.S.C. § 255(a).

41. The members of the proposed FLSA Collective are similarly situated in that they share these traits:

A. They regularly performed both tipped work (waiting on customers) and non-tipped work (cleaning);

B. They were subject to Defendant's common policy of paying less than the statutory minimum wage regardless of whether they performed tipped work or non-tipped work, as a result of the tip credit allowed by 29 U.S.C. § 203(M) and Ark. Code Ann § 11-4-212;

C. They recorded their time in the same manner.

42. Plaintiff is unable to state the exact number of the potential members of the FLSA Collective but believe that the group exceeds 200 persons.

43. Defendant can readily identify the members of the Section 16(b) Collective. The names, physical addresses, electronic mailing addresses, and phone numbers of the FLSA collective action Plaintiff are available from Defendant, and a Court-approved Notice should be provided to the FLSA collective action Plaintiff via first class mail, email, and text message to their last known physical addresses, electronic mailing addresses, and cell phone numbers as soon as possible, together with other documents and information descriptive of Plaintiff's FLSA claim.

### B.     AMWA Rule 23 Class

44. Plaintiff, individually and on behalf of all others similarly situated who were employed by Defendant within the State of Arkansas, brings this claim for relief for violation of the AMWA as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

45. Plaintiff proposes to represent the class of hourly-paid tipped employees who are/were employed by Defendant within the relevant time period within the State of Arkansas.

46. Common questions of law and fact relate to all members of the proposed class, such as whether as a result of Defendant's failure to pay a statutory minimum wage for time spent performing non-tipped work, Defendant paid members of the proposed class a lawful minimum wage in accordance with the AMWA.

47. Common questions of law and fact predominate over any questions affecting only the individually-named Plaintiff, and a class action is superior to other available methods for fairly and efficiently adjudicating the claims of the members of the proposed AMWA class.

48. The class members have no interest in individually controlling the prosecution of separate actions because the policy of the AMWA provides a bright-line rule for protecting all non-exempt employees as a class. To wit: "It is declared to be the public policy of the State of Arkansas

to establish minimum wages for workers in order to safeguard their health, efficiency, and general well-being and to protect them as well as their employers from the effects of serious and unfair competition resulting from wage levels detrimental to their health, efficiency, and well-being." Ark. Code Ann. § 11-4-202.

49. Plaintiff is unable to state the exact number of the potential members of the AMWA class but believe that the class exceeds 200 persons. Therefore, the class is so numerous that joinder of all members is impracticable.

50. At the time of the filing of this Complaint, neither Plaintiff nor Plaintiff's counsel knows of any litigation already begun by any members of the proposed class concerning the allegations in this Complaint.

51. Concentrating the litigation in this forum is highly desirable because Defendant's restaurant is based in the Eastern District of Arkansas and because Plaintiff and all proposed class members work or worked in Arkansas.

52. No difficulties are likely to be encountered in the management of this class action.

53. The claims of Plaintiff are typical of the claims of the proposed class in that Plaintiff worked as hourly-paid employees for Defendant and experienced the same violations of the AMWA that all other class members suffered.

54. Plaintiff and her counsel will fairly and adequately protect the interests of the class.

55. Plaintiff's counsel is competent to litigate Rule 23 class actions and other complex litigation matters, including wage and hour cases like this one, and to the extent, if any, that they find that they are not, they are able and willing to associate additional counsel.

56. Prosecution of separate actions by individual members of the proposed class would create the risk of inconsistent or varying adjudications with respect to individual members of the proposed class that would establish incompatible standards of conduct for Defendant.

## VI. FIRST CLAIM FOR RELIEF

### (Individual Claims for Violation of FLSA)

57. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully set forth herein.

58. At all relevant times, Plaintiff has been entitled to the rights, protection, and benefits provided by the FLSA.

59. At all relevant times, Plaintiff was an "employee" of Defendant's as defined by 29 U.S.C. § 203(e).

60. At all relevant time, Defendant was an "employer" of Plaintiff as defined by 29 U.S.C. § 203(d).

61. At all relevant times, Defendant willfully failed and refused to compensate Plaintiff for all hours worked at the standard minimum wage under the FLSA because it failed to distinguish between time that Plaintiff spent on tipped work and time they spent on non-tipped work.

62. Defendant's violations entitle Plaintiff to compensatory damages calculated as the full amount of wages owed at the minimum wage of $7.25 per hour less the amount of wages actually received.

63. Defendant's violations entitle Plaintiff to liquidated damages pursuant to 29 U.S.C. § 216(b) of an amount equal to compensatory damages.

64. Plaintiff is entitled to an award of their attorney's fees and court costs pursuant to 29 U.S.C. § 216(b).

## VII. SECOND CLAIM FOR RELIEF
### (Collective Action Claim for Violation of FLSA)

65. Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

66. Plaintiff brings this collective action on behalf of all hourly-paid tipped employees employed by Defendant to recover monetary damages owed by Defendant to Plaintiff and members of the putative collective for all the minimum wage compensation for all the hours she and they worked performing non-tipped activities for Defendant, such as cleaning.

67. Plaintiff bring this action on behalf of herself individually and all other similarly situated employees, former and present, who were and/or are affected by Defendant's willful and intentional violation of the FLSA.

68. During the period relevant to this lawsuit, Defendant classified Plaintiff and all similarly situated members of the FLSA collective as non-exempt from the overtime requirements of the FLSA.

69. Despite the entitlement of Plaintiff and those similarly situated to minimum wage payments under the FLSA, Defendant failed to pay Plaintiff and all those similarly situated a lawful minimum wage rate for hours they worked performing non-tipped activities for the Defendant.

70. In the past three years, Defendant has employed hundreds of hourly-paid tipped employees.

71. Like Plaintiff, these hourly-paid tipped employees regularly performed both tipped and non-tipped activities for the Defendant.

72. Defendant failed to pay these workers at the proper minimum wage rate for time spent performing non-tipped activities.

73. Because these employees are similarly situated to Plaintiff, and are owed wages for the same reasons, the opt-in class may be properly defined as:

> **Each hourly-paid tipped employee who, within the three years preceding the filing of this Complaint, received less than the statutory minimum wage for performing non-tipped activities.**

74. Defendant's conduct and practice, as described above, has been and is willful, intentional, unreasonable, arbitrary and in bad faith.

75. By reason of the unlawful acts alleged in this Complaint, Defendant is liable to Plaintiff and all those similarly situated for, and Plaintiff and all those similarly situated seek, unpaid minimum wages, liquidated damages, and costs, including reasonable attorney's fees as provided by the FLSA.

76. Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff and all those similarly situated as provided by the FLSA, Plaintiff and all those similarly situated are entitled to an award of prejudgment interest at the applicable legal rate.

## VIII. THIRD CLAIM FOR RELIEF

### (Individual Claims for Violation of the AMWA)

77. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully set forth herein.

78. At all relevant times, Plaintiff has been entitled to the rights, protection, and benefits provided by the AMWA.

79. At all relevant times, Plaintiff has been an "employee" of Defendant's, as defined by Ark. Code Ann. § 11-4-203(3).

80. At all relevant times, Defendant was an "employer" of Plaintiff as defined by Ark. Code Ann. § 11-4-203(4).

81. Defendant failed to pay Plaintiff the minimum wages required under the AMWA for non-tipped work.

82. Defendant's conduct and practice, as described above, has been and is willful, intentional, unreasonable, arbitrary and in bad faith.

83. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for monetary damages, liquidated damages and costs, including reasonable attorney's fees provided by the AMWA for all violations which occurred beginning at least three (3) years preceding the filing of this Complaint, plus periods of equitable tolling.

84. Defendant has not acted in good faith nor with reasonable grounds to believe its actions and omissions were not a violation of the AMWA, and, as a result thereof, Plaintiff is entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid minimum wages described above pursuant to Ark. Code Ann. § 11-4-218.

85. Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff as provided by the AMWA, they are entitled to an award of prejudgment interest at the applicable legal rate.

### IX.   FOURTH CLAIM FOR RELIEF
### (Class Action Claim for Violation of the AMWA)

86. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

87. Plaintiff, individually and on behalf of all others similarly situated who were employed by Defendant within the State of Arkansas, asserts this claim for damages and declaratory relief pursuant to the AMWA, Arkansas Code Annotated §§ 11-4-201 *et seq.*

88. At all relevant times, Defendant has been and continues to be the "employer" of Plaintiff and the members of the proposed class within the meaning of the AMWA, Ark. Code Ann. § 11-4-203(4).

89. Arkansas Code Annotated § 11-4-210 and 11-4-212 require employers to pay all employees a lawful minimum wage for all hours worked, with an exception granted for hours spent performing activities "in which gratuities have been customarily and usually constituted and have been recognized as a part of renumeration for hiring purposes."

90. Defendant failed to pay Plaintiff and members of the proposed class all minimum wages owed for time spent performing non-tipped activities as required under the AMWA.

91. Defendant's failure to pay a lawful minimum wage for hours spent performing non-tipped activities resulted in a failure to pay Plaintiff and members of the proposed class full and complete minimum wages for all hours worked performing non-tipped activities during their employment.

92. Plaintiff proposes to represent a class of individuals who are owed a lawful minimum wage for all hours worked performing non-tipped activities and other damages for the same reasons as Plaintiff, which may be defined as follows:

> **Each hourly-paid tipped employee in Arkansas who, within the three years preceding the filing of this Complaint, received less than the statutory minimum wage for performing non-tipped activities.**

93.     Defendant's conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary, and in bad faith.

94.     By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff and the proposed class for monetary damages, liquidated damages, costs, and a reasonable attorney's fee provided by the AMWA for all violations which occurred within the three (3) years prior to the filing of this Complaint, plus periods of equitable tolling.

95.     Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff and members of the proposed class as provided by the AMWA, Plaintiff and members of the proposed class are entitled to an award of prejudgment interest at the applicable legal rate.

## X. PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff respectfully prays that the Defendants be summons to appear and answer herein as follows:

(a)     That Defendant be required to account to Plaintiff, the class and collective members, and the Court for all the hours worked by Plaintiff and the class and collective members and all monies paid to them;

(b)     A declaratory judgment that Defendant's practices violate the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516 *et seq*;

(c)     A declaratory judgment that the Defendant's practices violate the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, et seq., and the related regulations;

(d)     Certification of, and proper notice to, together with an opportunity to participate in the litigation, all qualifying current and former employees;

(e)   Judgment for damages owed to Plaintiff and members of the class and collective for all unpaid minimum wage compensation equal to back wages at the applicable minimum wage for the statutory period;

(f)   Judgment for liquidated damages pursuant to the Fair Labor Standards Act, 29 U.S.C. §201, et seq., and attendant regulations at 29 C.F.R. § 516 et seq., in an amount equal to all unpaid compensation owed to Plaintiff and members of the class and collective during the applicable statutory period;

(g)   Judgment for liquidated damages pursuant to the Arkansas Iminium Wage Act, Ark. Code Ann. § 11-4-201, et seq., and the relating regulations;

(h)   An order directing Defendant to pay Plaintiff and members of the class and collective pre-judgment interest, reasonable attorney's fees, and all costs connected with this action; and

(i)   Such other and further relief as this Court may deem necessary, just and proper.

Respectfully submitted,

**Charlotte Woodell, Individually and on Behalf of All Others Similarly Situated, PLAINTIFF**

WH Law | We Help
1 Riverfront Pl. – Suite 745
North Little Rock, AR 72114
(501) 891-6000

By:   Chris Burks (ABN: 2010207)
chris@wh.law